# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cr-04027-01-SRB |
| ) | |
| JUSTIN GENE HULL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Justin Gene Hull's *pro se* Motion for Compassionate Release. (Doc. #59.) Upon review of the record, Defendant's motion is DENIED.

On October 24, 2017, Defendant pled guilty to Counts 3 and 4 of a Superseding Indictment. Count 3 charged Defendant with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4), and Count 4 charged Defendant with the production of child pornography, in violation of 18 U.S.C. § 2251(a). On March 22, 2018, the Court sentenced Defendant to 120 months of imprisonment on Count 3, and a concurrent term of 180 months of imprisonment on Count 4. According to the Government, Defendant's current date of release is October 17, 2028.

On or about August 17, 2020, the Bureau of Prisons denied Defendant's request for a compassionate release. Defendant then filed the pending motion on October 16, 2020. Defendant moves for a compassionate release in light of health concerns regarding COVID-19. Specifically, Defendant states that he has epilepsy, "compromised lungs . . . due to multiple lung collapses," migraine headaches, and "a problem with my prostate. I urinate 30 or more times a day[.]" (Doc. #59, p. 2.) Defendant also seeks a compassionate release because he is remorseful for his crimes, because of his rehabilitation efforts in prison, and because he has a viable home release plan. In response, the Government contends that the record does not support a compassionate release.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to a compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020) (citation omitted).

Here, and assuming Defendant has fully exhausted his administrative remedies, the Court finds no extraordinary and compelling reason to reduce his sentence. The Government argues, and the Court agrees, that:

> The defendant claims that he is at increased risk for COVID-19, due to his history of pleurodesis (collapsed lung), epilepsy, prostate problems, and migraine headaches. None of these conditions fall on the CDC's list of conditions that are known to entail a greater risk of severe COVID-19. The medical records indicate that the defendant's history of pleurodesis presents no current medical concerns, and that the defendant presently possesses 'no acute cardiopulmonary disease.' The defendant's epilepsy is currently being controlled by medication, as his possible prostatitis. In short, although the

2

> defendant suffers from some physical maladies, they are being effectively managed and treated within the BOP, and they place him at no greater risk than any other inmate.

(Doc. #62, p. 4) (citations omitted). Defendant's reply brief argues that his prior lung collapses place him at an increased risk of harm from COVID-19, and that his epilepsy is not under control. However, Defendant does not submit any medical records in support of these arguments and the Court rejects them for the reasons stated by the Government.

Although the Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, Defendant's age (36) and apparent health condition do not rise to the level of extraordinary and compelling circumstances warranting a sentence reduction. Defendant has also not established that the § 3553(a) factors support a release. *See* 18 U.S.C. § 3582(c)(1)(A). While the Court commends Defendant for his efforts at rehabilitation, the record does not support a compassionate release.

Accordingly, it is ORDERED that Defendant Justin Gene Hull's *pro se* Motion for Compassionate Release (Doc. #59) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated: December 2, 2020